**Barry L. GREENSLATE**

v.

**TENNECO OIL COMPANY.**

No. 82–4834.

United States District Court,
E.D. Louisiana.

Dec. 16, 1985.

**574**

Bert M. Cass, Jr., Deutsch, Kerrigan & Stiles, Philip J. Kaplan, New Orleans, La., for plaintiff.

Julia M. Core, Salley & Associates, New Orleans, La., for defendant.

## MEMORANDUM OPINION

MENTZ, District Judge.

Marlin Drilling Co., Inc. (hereinafter referred to as "Marlin"), a defendant in this action, filed a motion for summary judgment seeking to recover from Point Marine, Inc. (hereinafter referred to as "Point Marine") $4,755.76 in attorney's fees and costs incurred by Marlin in its defense of this action. This Court denied the motion, stating, "it would be premature for this Court to conclude that Marlin is entitled to recover ... these ... fees and costs ... as a matter of law until the Court is instructed on what law is applicable to this action...." *Greenslate v. Tenneco Oil Co., Inc.*, No. 82–4834, mem. op. at 4 (E.D.La. May 10, 1985). Marlin and Point Marine subsequently agreed during a pre-trial conference held on June 21, 1985 to submit the issues arising from Marlin's motion to the Court by post-trial memoranda. Accordingly, Marlin and Point Marine filed post-trial memoranda briefing the issues discussed below. The Court has now considered the memoranda, pleadings, exhibits, and documents submitted in this matter, and based on the record and the law concludes that Marlin is entitled to the attorney's fees and costs incurred in the defense of the claim filed by Barry Greenslate.

On March 18, 1981, Point Marine entered into a Blanket Time Charter Agreement with Tenneco Oil Company, Inc. (hereinafter referred to as "Tenneco"). Under this agreement, Point Marine agreed to, *inter alia,* defend and indemnify Tenneco and its subsidiary and affiliate companies in all actions arising from the perform-

ance or breach of the charter agreement. The indemnification provision states in full:

Owner agrees to protect, defend, indemnify, reimburse, compensate and hold Charterer, its joint venturers, joint interest owners, its subsidiary and affiliate companies, their agents, employees, and insurers free and harmless from and against any and all losses, claims, demands, causes of action or judgments of every kind and character by any party hereto, their agents or employees, or by any third party or governmental agency, for injury to or illness or death of any person, or for damage to or loss or destruction of any property, or for fine or penalty of any nature, which injury, illness, death, damage, loss destruction, fine or penalty arises out of performance hereunder or a breach hereof and regardless of whether such is attributable in whole or in part to the negligence, strict liability or other legal fault of Charterer, its joint venturers, joint interest owners, its subsidiary and affiliate companies, their agents, employees, or third parties. With respect to liability based upon the negligence of indemnitees or some third party other than one who is an employee, agent or subcontractor of Owner, this indemnity shall be limited to the amounts that would be covered by insurance which Owner is required to carry under the terms hereof, and further limited as may be required for compliance with applicable state and federal laws.

The main issue to be addressed is whether Marlin, a subsidiary and affiliate of Tenneco,[1] is entitled under the charter agreement to recover attorney's fees and costs incurred in the defense of this action. On July 2, 1984, Tenneco's attorney orally agreed to waive its claims against Point Marine for attorney's fees and costs in exchange for Point Marine's offer to defend and indemnify Tenneco. Thus, this Court must ultimately determine whether in waiving its claims against Point Marine for attorney's fees and costs, Marlin's parent company, Tenneco, waived as well Marlin's own claims for attorney's fees and costs incurred in this action. In order to analyze the effect of Tenneco's waiver, this Court must first consider the effect of the indemnification provision contained in the charter agreement between Tenneco and Point Marine. Specifically, this Court must decide whether the indemnity provision conferred third-party beneficiary status upon Marlin.

I.

APPLICABLE LAW

■ It is well established that a charter agreement is a maritime contract whose interpretation is subject to the principles of federal maritime law. G. Gilmore and C. Black, *The Law of Admiralty* 196 (1975); *Otto Candies, Inc. v. McDermott International, Inc.*, 600 F.Supp. 1334, 1335 (E.D. La.1985) (a charter party is a maritime contract whose interpretation and construction is governed by maritime law); *See also M.O.N.T. Boat Rental Service, Inc. v. Union Oil Co.*, 613 F.2d 576 (5th Cir.1980) (construction of maritime contract generally governed by federal maritime law); *But cf. Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955) (state law applied to interpretation of certain contracts for marine insurance). More specifically, the interpretation of an indemnity provision in a maritime contract is ordinarily governed by federal maritime law. *Corbitt v. Diamond M Drilling Co.*, 654 F.2d 329 (5th Cir.1981). Because this Court has already taken judicial notice of the fact that neither party has

---

1. It is a well-accepted concept that parent and subsidiary companies are separate legal identities *unless* the latter exists as a mere tool or "front" for the parent, or the corporation fiction is utilized to achieve an inequitable result, or to conceal fraud or illegality. *See Miles v. American Tel. & Tel. Co.*, 703 F.2d 193, 195 (5th Cir.1983). No contention has been made by Point Marine that Marlin is just a corporate fiction created by Tenneco. Further, no suggestion has been made that Marlin does not function autonomously in terms of the conduct of its business and financial affairs. Therefore, as far as this Court is concerned, each company shall be treated as two separate business units.

disputed that the charter executed between Tenneco and Point Marine is a maritime contract, *Greenslate v. Tenneco Oil Co., Inc.*, No. 84–4834 mem. op. at 2–3 (E.D.La. May 10, 1985), the interpretation of the indemnity provision contained therein is in light of *Corbitt* subject to the principles of federal maritime law.

In addition, the Fifth Circuit has recently held by implication that a release in an admiralty case is in fact a maritime contract whose interpretation is subject to federal law. *See Fisher v. Danos*, 774 F.2d 1158, Slip op. at 9–11 (5th Cir.1985), *aff'g* 595 F.Supp. 461 (E.D.La.1984) (effect of release in admiralty cases is determined in accordance with federal law); *See also Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1317 n. 27 (5th Cir. 1983). In *Fisher v. Danos*, the Fifth Circuit applied federal law to interpret a release by the plaintiff of all claims arising from a maritime tort. Similarly, the case at bar was filed in this Court pursuant to admiralty jurisdiction and involved a release or waiver. Consequently, federal law is applicable to the interpretation of the release effected by Tenneco of its claim for attorney's fees and costs against Point Marine.

■ However, this Court does recognize that on at least one occasion the Fifth Circuit has applied state law to determine whether a third party is an intended beneficiary of a charter agreement. *See Hercules, Inc. v. Stevens Shipping Co., Inc.*, 629 F.2d 418 (5th Cir.1980) (citing *S.C. Loveland, Inc. v. East West Towing, Inc.*, 608 F.2d 160, 164 (5th Cir.1979) (in which nonmaritime contract was involved)). *Hercules*, however, did not involve an indemnity provision as did *Corbitt*, and as does the present case. Moreover, unlike *Fisher* and the case at bar, *Hercules* did not involve a release of a maritime claim. Because *Corbitt* and *Fisher* contain the most recent articulations by the Fifth Circuit of its views, this Court is compelled to follow the authority of those decisions. For the foregoing reasons, this Court will apply federal law to interpret the indemnity provisions contained in the Tenneco/Point Marine charter agreement.

## II.

### EFFECT OF THE INDEMNITY PROVISION

■ Federal law recognizes the validity of the third party beneficiary theory of contracts. *See* RESTATEMENT (SECOND) OF CONTRACTS § 302 (1981). Under this theory, contracting parties may create rights in favor of a non-contracting third party by manifesting an intention to do so. *Id.* § 302(b). In the case at bar, there can be little doubt after reviewing the indemnity provision that the parties to the Tenneco/Point Marine Charter intended to confer a benefit upon Marlin. That provision clearly stated that Point Marine must defend and indemnify subsidiary and affiliate companies, who are non-contracting third-parties. Accordingly, this Court holds that under principles of federal law, Marlin is a third-party beneficiary to the Tenneco/Point Marine charter agreement.

## III.

### EFFECT OF THE WAIVER

■ A third party beneficiary may enforce any duty imposed upon the promisor by the agreement creating the benefit. *Id.* § 304. Consequently, Marlin may, as third-party beneficiary to the Tenneco/Point Marine charter agreement, enforce the indemnification provision of that agreement against Point Marine. Point Marine argues as a defense, however, that when Tenneco waived its claims for attorney's fees and costs in return for Point Marine's defense and indemnification, the claims of its subsidiary, Marlin, against Point Marine were waived as well.

■ Although contracting parties have the power to nullify or modify a duty to an intended beneficiary, that power is terminated when the beneficiary brings suit or otherwise manifests assent to it in a manner invited by the contracting parties. *Id.* §§ 311(1), 311(3), comment h. Marlin clearly manifested its assent to the benefits conferred by the indemnity provision when, in a letter dated December 14, 1982, it asserted its rights to a defense and indemnification from Point Marine pursuant to

the charter agreement executed between Tenneco and Point Marine. Consequently, when, in July of 1984, Tenneco agreed to release Point Marine from its duty under the indemnity provision in the charter agreement to pay Tenneco for attorney's fees and costs, Marlin had already asserted its rights under that provision. Moreover, the waiver agreement was effected *solely* by Tenneco and Point Marine because Tenneco's counsel had no authority to act on behalf of Marlin, and, in fact by that point in time, Marlin had engaged its own separate counsel to protect its interest. Because Tenneco's release came after Marlin's assent to the provision waived by Tenneco, and because Tenneco's agent was not acting on behalf of Marlin, Tenneco's subsequent release of Point Marine of its obligations to pay attorney's fees and costs pursuant to the charter agreement is therefore ineffective as to Marlin. Accordingly,

IT IS ORDERED that, pursuant to the charter agreement between Tenneco Oil Co., Inc. and Point Marine, Inc., Marlin Drilling Co., Inc., the third-party beneficiary, is entitled to $4,755.76 for attorney's fees and costs incurred in the defense of the claim filed by Barry L. Greenslate.